[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13755
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

Agency No. A29-891-115

OSARIAS MONDAY OMOREGBEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 21, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Osarias Monday Omoregbee, a native and citizen of Nigeria with lawful permanent residency in the United States, appeals the order of the Board of Immigration Appeals ("BIA") finding Omoregbee removable as an alien who had been convicted of two crimes of moral turpitude, pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), and affirming the order of the Immigration Judge ("IJ") finding Omoregbee ineligible for cancellation of removal as an alien who had been convicted of an aggravated felony, pursuant to INA §§ 240A(a) and 101(a)(43)(M), 8 U.S.C. §§ 1229b(a) and 1101(a)(43)(M). For the reasons set forth below, we deny the petition.

## I. Background

In a notice to appear ("NTA"), the Department of Homeland Security ("DHS") stated that, inter alia, Omoregbee had been convicted on September 1, 2004, in U.S. District Court for the Eastern District of North Carolina, of credit card fraud that caused $10,508.79 in loss, in violation of 18 U.S.C. § 1029(a)(3). The DHS charged that, inter alia, based on this and other convictions, Omoregbee was removable as an alien who had been convicted of (1) two crimes of moral turpitude, pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii); and (2) an aggravated felony as defined in INA § 101(a)(43)(M), 8 U.S.C. § 1101(a)(43)(M), or an offense of fraud or deceit that caused a loss of more than $10,000, pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

The government submitted a judgment of conviction from the U.S. District Court for the Eastern District of North Carolina, which indicated that Omoregbee pled guilty to charges of access device fraud, production of false identification, and use of a false social security number and was sentenced to concurrent terms of 24 months' imprisonment and ordered to pay restitution to Sears National Bank, Target Corporation, JC Penney, and First USA Bank in the total amount of $10,508.79.

An IJ order Omoregbee removed to Nigeria, but did not prepare a written decision. Omoregbee pro se appealed to the BIA, arguing that he had not been convicted of an aggravated felony because his federal offenses did not cause a loss of more than $10,000 and that he was entitled to cancellation of removal. The BIA remanded the case to the IJ to prepare a written decision. On remand, the IJ did so. Omoregbee pro se appealed to the BIA, raising the same grounds as before. Omoregbee also submitted a formal application for cancellation of removal. The BIA again remanded the case to the IJ, reasoning that the government should submit further evidence on whether Omoregbee's federal offenses caused more than $10,000 in loss. On remand, the government argued that further evidence was unnecessary. The IJ sustained his earlier finding and denied Omoregbee's application for cancellation of removal, reasoning that he was ineligible as an aggravated felon. Omoregbee, through counsel, appealed to the BIA, raising the

3

same grounds as before. In the course of his appeals to the BIA, Omoregbee submitted the (1) federal indictment, which did not indicate a specific loss amount; and (2) portions of the presentence investigation report ("PSI") prepared for his federal convictions, which indicated that Omoregbee caused Sears $7,558.07 in loss, Target $480.33 in loss, JC Penney $843.72 in loss, Exxon $286.39 in loss, and Chadwick's of Boston $1,038.80 in loss and that Omoregbee did not object to the loss amount.[1]

The BIA affirmed the IJ's finding that Omoregbee was removable and ineligible for cancellation of removal. The BIA acknowledged that Omoregbee had not disputed that he was removable as an alien convicted of two crimes of moral turpitude and found that, therefore, it need not address whether he also was removable as an alien convicted of an aggravated felony based on his federal offenses causing more than $10,000 in loss. The BIA also found that Omoregbee had not satisfied his burden of proving that he was eligible for cancellation of removal. Omoregbee, through counsel, appealed to this Court, raising the same grounds as before. In support of his argument that he merits cancellation of removal, Omoregbee cites Obasohan v. Gonzales, 479 F.3d 785 (11th Cir. 2007), and Sandoval-Lua v. Gonzales, 499 F.3d 1121, 1130 (9th Cir. 2007).

---

[1]These figures total $10,207.31.

## II. Standard of Review

When the BIA affirms the IJ's decision, but issues a separate opinion, we review the BIA's opinion "except to the extent that [the BIA] expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Thus, when the BIA affirms the IJ's decision on alternative grounds not addressed by the IJ, we review the BIA's decision only. Id. In conducting this review, we review legal determinations de novo and factual determinations under the "substantial evidence test." See D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004); Al Najjar, 257 F.3d at 1283-84. Under this test, which is "highly deferential," " we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). In applying this highly deferential standard, we view the record in the light most favorable to the BIA's decision and are bound by that decision unless a reasonable adjudicator would be compelled to conclude to the contrary. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Accordingly, "even if the evidence could support multiple conclusions, we must affirm the [BIA's] decision unless there is no reasonable basis for that decision." Id. We will not address issues that have not been raised before the IJ or BIA, as these issues have not been exhausted properly. Al Najjar, 257 F.3d at 1283 n. 12; INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We

5

also will not consider issues not discussed on appeal before this Court, as these issues have been abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

### III. Law and Analysis

### A. Removal

Pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), the Attorney General shall remove an alien who is convicted of, inter alia, an aggravated felony. The INA defines aggravated felonies as being offenses that, inter alia, "involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000." INA § 101(a)(43)(M); 8 U.S.C. § 1101(a)(43)(m). The government bears the burden of demonstrating that the alien in question was convicted of an offense that satisfied this definition. Obasohan, 479 F.3d at 791.

The Supreme Court has held that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." S.E.C. v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). The Supreme Court reasoned that,

> [i]f an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.

6

Id. at 88, 63 S.Ct. at 459.

We have not previously applied the above principle of agency review in a situation such as this, when the BIA did not consider a matter because it based its holding on an independent ground. However, given this principle, it would be inappropriate for us to address whether the government established that Omoregbee's federal offenses caused more than $10,000 in loss, such that he was an aggravated felon for removal purposes. See id. Because the BIA affirmed the IJ's decision on alternative grounds, we may consider only the BIA's decision. See Al Najjar, 257 F.3d at 1284. In that decision, the BIA did not address whether the government had established that Omoregbee was an aggravated felon. Were we to now consider the matter, we would be doing so in the first instance and, therefore, would be "intrud[ing] upon the domain which Congress has exclusively entrusted to [the BIA]." See Chenery Corp., 318 U.S. at 88, 63 S.Ct. at 459. Thus, we will not address the matter. It is not necessary to remand to the BIA to consider the matter in the first instance, as we can affirm the BIA's order of removal on its finding that Omoregbee was an alien who had been convicted of two crimes involving moral turpitude. We need not address the merits of that ground for removal, because Omoregbee both failed to exhaust and abandoned any challenge to this ground for removal, as he failed to raise the matter before the IJ or BIA or on appeal to this Court. See Al Najjar, 257 F.3d at 1283 n. 12; Sepulveda, 401

7

F.3d at 1228 n.2; INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Accordingly, we deny the petition with regard to the BIA's order of removal.

## B. Cancellation of Removal

Pursuant to INA § 240A(a), 8 U.S.C. §§ 1229b(a), "[t]he Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien . . . has not been convicted of any aggravated felony." An alien who requests this discretionary form of relief bears the burden of establishing his eligibility. 8 C.F.R. § 1240.8(d). Indeed, "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." Id.

In determining whether an alien is an aggravated felon, we apply a modified categorical approach. See Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1353 (11th Cir. 2005) (citing Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (considering whether the government had met its burden of proving that an alien was an aggravated felon for removal purposes). Under this approach, the IJ must first look to the language of the statute and determine whether the statutory language covers some offenses that would be aggravated felonies and others that would not. Id. at 1353-55. If the statute is "divisible" in

8

this manner, then the IJ must look to the record of conviction, which "includes the charging document, plea, verdict or judgment, and sentence." Id. at 1355.

In Obasohan, we applied this modified categorical approach in determining whether the government had satisfied its burden of proving that an alien, convicted of conspiracy to commit credit card fraud and ordered to pay restitution of $37,000 to 3 financial institutions, was an aggravated felon, based on his federal offenses causing more than $10,000 in loss, for removal purposes. 479 F.3d at 785-86. We held that the government had not and remanded the case to the BIA. Id. at 791. We first concluded that the statute in question was divisible. Id. at 788. We then concluded that the record of conviction did not support the IJ's finding. Id. at 791. To this end, we noted that the IJ had cited the alien's guilty plea, plea colloquy, PSI, and judgment of conviction and restitution order in finding that the alien's offenses had caused losses of more than $10,000. Id. at 787. We found that neither the indictment nor the plea agreement and colloquy supported the IJ's finding, reasoning as follows.

> [T]he elements of the conspiracy with which [the alien] was charged did not require that any loss amount be proved. Neither the indictment nor the plea agreement specified any loss amount. Indeed, [the alien] was not charged with any loss, and did not admit to any loss by pleading guilty as charged.

Id. at 789. We also found that the restitution order did not support the IJ's finding, reasoning as follows. At the plea hearing, the government admitted that no loss

9

was attributable to the fraudulent credit card on which the indictment was based. Id. at 786. The government indicated, though, that it was pursuing evidence suggesting that the alien was responsible for thousands of dollars of loss tied to the use of another credit card. Id. In the PSI, the probation officer indicated that further investigation had revealed that the alien had fraudulently used other credit cards and caused $37,000 in loss. Id. Thus, the restitution order was based on additional conduct that was not charged, proved, or admitted. Id. at 789, 791. We held that, therefore, the IJ could not base its finding that the alien was removable solely on the restitution order. Id. at 791.

In Sandoval-Lua, the Ninth Circuit applied this modified categorical approach in determining whether an alien had satisfied his burden of proving that he was not an aggravated felon for cancellation-of-removal purposes. 499 F.3d at 1129. The Ninth Circuit considered whether an alien convicted of a controlled substance offense, defined under state law as transporting, importing, selling, furnishing, administering, or giving away, or offering to transport, import, sell, furnish, administer, or give away, a controlled substance, was an aggravated felon as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), or an alien convicted of drug trafficking. Id. at 1127-28. The Ninth Circuit first concluded that the statute of conviction was divisible, as it included conduct that was an aggravated felony and conduct that was not, namely, soliciting. Id. at 1128. The

Ninth Circuit then concluded that the record of conviction, or the indictment and judgment, were inconclusive as to the nature of the alien's offense of conviction, as the indictment merely included the statutory language and the judgment merely cited the statue. Id. at 1129. The Ninth Circuit held, however, that, "[b]y submitting an inconclusive record of conviction, [the alien] ha[d] affirmatively proven under the modified categorical analysis that he was not necessarily convicted of any aggravated felony." Id. at 1130. The Ninth Circuit reasoned as follows. Under the modified categorical approach, the IJ must determine whether the record of conviction established that the alien "necessarily" was found to have committed all of the elements of the "generic" aggravated felony, here, trafficking drugs. Id. at 1130-31. Because the documents in the record of conviction were the only evidence that could be considered, they had to establish either that the alien necessarily was convicted of these elements or necessarily was not convicted of these elements. Id. at 1131. Thus, because the record of conviction in question left open the possibility that the alien was found to have committed some act other than the elements of a generic aggravated felony, namely, soliciting rather than trafficking a controlled substance, then it did not establish that the alien necessarily was convicted of the requisite element of trafficking and the only remaining option was that the alien necessarily was not convicted of the requisite element of trafficking, such that he was not an aggravated felony. Id. at 1132.

11

Omoregbee has not satisfied his burden of demonstrating that he was not an aggravated felon. See 8 C.F.R. § 1240.8(d). Because Omoregbee's offense of conviction applies to offenses that might not involve a loss of more than $10,000, the statute is divisible. See Jaggernauth, 432 F.3d at 1353-55; 18 U.S.C. § 1029(a)(3) (instructing that a person is guilty of credit card fraud if he "knowingly and with intent to defraud possesses fifteen or more devices which are counterfeit or unauthorized access devices"). Thus, the question is whether Omoregbee has shown that the record of conviction demonstrates that his offense caused a loss of less than $10,000. See Jaggernauth, F.3d at 1355. Omoregbee's only effort at showing as much are citing Obasohan for the proposition that the restitution order was an insufficient basis for finding that his federal offenses caused more than $10,000 in losses and Sandoval-Lua for the proposition that presenting an inconclusive record was tantamount to satisfying his burden of proof.

First, Sandoval-Lua is inapplicable. In that case, the statute of conviction did not "match" the applicable definition of an aggravated felony, as it listed acts that were not covered by the definition, such that the issue was whether the record of conviction demonstrated whether the alien had committed the act that was covered by the definition or one of those acts that was not. See Sandoval-Lua, 499 F.3d at 1127-28. The statute of conviction and definition of an aggravated felony were, in part, mutually exclusive. See id. In this case, the applicable definition of

an aggravated felony does not so much define the elements of an aggravated felony as add an extra element to any statutory offense of fraud or deceit, namely, that it caused a loss of more than $10,000. See INA § 101(a)(43)(M), 8 U.S.C. § 1101(a)(43)(M). Thus, while Omoregbee's statute of conviction, criminalizing credit card fraud, applies to offenses that might not involve a loss of more than $10,000, it does not apply to offenses that necessarily do not involve more than $10,000. Stated differently, the statute of conviction and definition of an aggravated felony are not at all mutually exclusive. Therefore, the Ninth Circuit was considering a matter not at issue here and its approach and reasoning are inapplicable.

Also, Obasohan is distinguishable. In that case, we held that a restitution order alone was insufficient to demonstrate that the alien in question was an aggravated felon. See Obasohan, 479 F.3d at 785-86. The restitution order in question, however, was based on an act other than the offense of conviction, such that it did not demonstrate that the alien had been convicted of an offense causing a loss of more than $10,000. See id. at 789, 791. Indeed, the government admitted that the offense of conviction did not involve any loss. See id. at 786. In the instant case, Omoregbee has not alleged that the restitution order was based on some other act besides the credit card fraud for which he was convicted or otherwise presented evidence to this effect. Therefore, the holding in Obasohan,

13

which depended on the facts of that case, in distinguishable from the facts of the instant case. Because Omoregbee only has cited cases that are inapplicable or distinguishable, he has not satisfied his burden. See 8 C.F.R. § 1240.8(d). Accordingly, we deny the petition with regard to the BIA's denial of cancellation of removability.

**DENY PETITION.**