[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15186
_____

Agency No. A204-650-556

FABIAN CAMILO MESA PELAEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of Decision of the
Board of Immigration Appeals

_____

(December 17, 2018)

Before MARTIN, JILL PRYOR, and JULIE CARNES, Circuit Judges.

MARTIN, Circuit Judge:

Fabian Camilo Mesa Pelaez, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming the

immigration judge's ("IJ") determination he is ineligible for adjustment of status. After review, and with the benefit of oral argument, we grant his petition and remand to the agency. On remand, the agency may consider whether it is appropriate to exercise its discretion to grant Mr. Mesa's application for adjustment of status as a form of relief from removal.

## I.

Mr. Mesa entered the United States on February 27, 2000 on a non-immigrant visa. He continued working in this country after his visa expired and he eventually moved to Florida, where he met and married a United States citizen in 2012. Mr. Mesa then filed an application to adjust to lawful permanent residence. At the same time, his wife filed an I-130 Petition for Alien Relative on his behalf to secure an immigrant visa—otherwise known as a green card.

The United States Citizenship and Immigration Services ("USCIS") approved the petition. While processing the I-130 petition, however, USCIS discovered an outstanding warrant for Mr. Mesa's arrest in Connecticut. This discovery resulted in his arrest by the Orlando Police Department and his extradition to Connecticut, where he eventually secured a plea deal with the assistance of counsel.

2

On July 1, 2014,[1] Mr. Mesa pled guilty in Connecticut Superior Court to sexual assault in the fourth degree in violation of Conn. Gen. Stat. § 53a-73a(a)(2). This statute criminalizes some conduct as a misdemeanor punishable by less than a year of imprisonment and some conduct as a felony punishable by more than a year. See Conn. Gen. Stat. § 53a-73a(b). At his plea colloquy, Mr. Mesa admitted to "subject[ing] another person to sexual contact without that person's consent." The court sentenced him to 179 days.

The next day, the Department of Homeland Security ("DHS") served Mr. Mesa with a Notice to Appear ("NTA") charging him with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying his nonimmigrant visa. Mr. Mesa admitted the factual allegations of the NTA, including the basis for removability, and filed an I-485 Application to Adjust Status as a form of relief from removal. He put into evidence copies of his Connecticut record of conviction and a transcript of his plea colloquy for the sexual assault conviction.

After considering the record, the IJ found Mr. Mesa was not eligible for adjustment of status. Because Mr. Mesa did not contest that his conviction for sexual assault in the fourth degree was a crime involving moral turpitude, the only question before the IJ was whether Mr. Mesa's conviction qualified for the petty

---

[1] The record does not reveal whether Mr. Mesa was aware of the arrest warrant prior to his interview with USCIS in 2014.

3

offense exception to crimes involving moral turpitude, such that he could still apply for adjustment of status. The IJ found that although Mr. Mesa satisfied two of the three petty-offense exception's requirements, he could not satisfy the third: namely, that he had been convicted of a misdemeanor offense, as opposed to a felony. As part of this finding, the IJ determined Mr. Mesa's plea colloquy transcript and criminal information reflecting his plea could not narrow his conviction to either felony or misdemeanor sexual assault in the fourth degree under Connecticut law.

Mr. Mesa filed a motion to reconsider, which the IJ denied. On November 17, 2016, after withdrawing his motion for a waiver of inadmissibility, Mr. Mesa once again asked the IJ to adjudicate his application to adjust status. This time, he submitted into evidence a letter from his defense attorney as well as a printout from the State of Connecticut Judicial Branch's website. Both documents plainly state Mr. Mesa was convicted of misdemeanor sexual assault. The letter reflects the defense attorney's "absolute certainty that the understanding of all parties was that [Mr. Mesa] was pleading guilty to a misdemeanor and he did in fact plead guilty to a misdemeanor." The printout similarly notes that Mr. Mesa pled guilty to "[m]isdemeanor" "Sex 4-Sex Contact W/O ConsentA."

Applying the modified categorical approach, the IJ once again found Mr. Mesa ineligible for adjustment of status. The IJ did not consider evidence of the

4

printout and letter, because she found the documents insufficiently reliable. Instead, the IJ adhered to her original view that Mr. Mesa's plea colloquy transcript and record of conviction were insufficient to demonstrate he was convicted of the misdemeanor version of sexual assault in the fourth degree. Based on that ambiguity, the IJ denied Mr. Mesa's application for adjustment of status and ordered him removed to Colombia.

On appeal to the BIA, Mr. Mesa argued the record established by a "preponderance of the evidence" that he was convicted of a misdemeanor and not a felony. He challenged the IJ's finding that the transcript and record of conviction were ambiguous as to which offense he was convicted of, and argued that even if the record was ambiguous, the Supreme Court's decision in Moncrieffe v. Holder, 569 U.S. 184, 133 S. Ct. 1678 (2013), required the agency to presume his conviction was for the least of the acts criminalized—here, a misdemeanor offense.

The BIA was not convinced. In an order dismissing Mr. Mesa's appeal, the BIA agreed with the IJ that Conn. Gen. Stat. § 53a-73a was divisible into two crimes: (1) misdemeanor sexual assault in the fourth degree, which would qualify for the petty offense exception; and (2) felony sexual assault in the fourth degree, which would not. Applying the modified categorical approach, the BIA limited its consideration of the record evidence to the plea colloquy transcript and record of conviction and found that their inconclusive nature meant Mr. Mesa "did not

demonstrate that his conviction falls under the petty offense exception." Mr. Mesa timely petitioned for review.

## II.

We review <u>de novo</u> the legal question of whether a petitioner's conviction constitutes a misdemeanor within the meaning of the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii). <u>See</u> <u>Cintron v. U.S. Att'y Gen.</u>, 882 F.3d 1380, 1383 (11th Cir. 2018).

## III.

This case concerns a little-used safety valve in removal proceedings: the petty offense exception. The Immigration and Nationality Act ("INA") permits petitioners in removal proceedings to apply for relief from removal. <u>See</u> 8 U.S.C. § 1229a(c)(4)(A). This includes adjustment of status, a form of relief that requires the petitioner to prove (1) he actually applied to adjust status; (2) he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) there is an immigrant visa immediately available at the time the application is filed. <u>Id.</u> § 1255(a). Ordinarily, petitioners who have committed crimes involving moral turpitude ("CIMTs") are inadmissible to the United States and therefore ineligible for adjustment of status. <u>Id.</u> § 1182(a)(2)(A)(i)(I). There exists, however, a limited exception to this blanket ban, which we have termed the "petty offense" exception.

6

The petty offense exception is straightforward.  If a petitioner has committed only one offense, for which the maximum possible penalty "did not exceed imprisonment for one year," and was "not sentenced to a term of imprisonment in excess of 6 months," he or she has committed only a petty offense and remains eligible for an immigrant visa and, consequently, adjustment of status.  Id. § 1182(a)(2)(A)(ii)(II).  Neither party to this appeal disputes that Mr. Mesa has satisfied two of the three factors required to trigger the petty offense exception.[2] He has only one conviction, sexual assault in the fourth degree, for which he received a sentence of 179 days, a term less than six months.

The sole issued presented here is therefore whether Mr. Mesa has shown that he was convicted of an offense for which the maximum sentence "did not exceed imprisonment for one year."  Id. § 1182(a)(2)(A)(ii)(II).  To answer this question, we apply the categorical approach and its modified step.  See Moncrieffe, 569 U.S. at 190, 133 S. Ct. at 1684 (explaining courts "generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA"); Gonzales v. Duenas-Alvarez, 549 U.S. 183, 187, 127 S. Ct. 815, 819 (2007) (explaining "some courts refer to this step of the Taylor inquiry as a 'modified categorical approach'").

---

[2] Mr. Mesa does not dispute on appeal his conviction for sexual assault in the fourth degree is a CIMT that renders him ineligible for adjustment of status absent the petty offense exception.

7

First established by the Supreme Court in 1990, see Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990), the categorical approach is a three-step inquiry that assists a court in determining whether a petitioner or defendant's offense of conviction matches a federal generic offense.  See United States v. Estrella, 758 F.3d 1239, 1244–46 (11th Cir. 2014) (explaining the steps).  Mr. Mesa argues that under this approach, it is clear he was convicted of a misdemeanor offense and therefore qualifies for the petty offense exception.  We agree and address each step in turn.

### A.

To begin, we must determine whether Conn. Gen. Stat. § 53a-73a is categorically overbroad.  See Estrella, 758 F.3d at 1244–45 (explaining the "first step" is to apply the traditional categorical approach inquiry and determine whether the elements of the statute of conviction match the federal definition).  We easily conclude it is.

Section 53a-73a, including subsection (a)(2), of which Mr. Mesa was convicted, contains both misdemeanor and felony sexual assault in the fourth degree.  Conn. Gen. Stat. § 53a-73a(b).  If the victim of nonconsensual sexual contact is under the age of sixteen, the defendant has committed felony punishable by up to five years in prison.  Id. §§ 53a-73a(b), 53a-35a(8).  If, on the other hand, the victim is over the age of sixteen, the offense is a misdemeanor punishable by

8

not more than a year in prison.  Id. §§ 53a-73a(a)(2), 53-36.  It is therefore clear that section 53a-73a includes both a qualifying offense for the petty offense exception, the misdemeanor, and a disqualifying offense, the felony.

## B.

Having determined Conn. Gen. Stat. § 53a-73a is categorically overbroad with respect to the petty offense exception, we must next determine whether the statute is divisible, such that the modified categorical approach applies.  See Estrella, 758 F.3d at 1245.  We conclude it is.

"A divisible statute is one that 'sets out one or more elements of the offense in the alternative.'"  Id. (quoting Descamps v. United States, 570 U.S. 254, 257, 133 S. Ct. 2276, 2281 (2013)).  Here, the felony version of section 53a-73a contains an additional element that its misdemeanor counterpart lacks—proof the victim was under the age of sixteen.  Conn. Gen. Stat. § 53a-73a(b); see also State v. Velasco, 751 A.2d 800, 811 (Conn. 2000) (explaining that, "except in limited circumstances, the determination of ultimate facts remains the exclusive function of the jury" for sentencing enhancements); Crim. Jury Instruction Committee, Conn. Judicial Branch Criminal Jury Instructions 7.1-12 (2018) ("Section 53a-73a(b) provides an enhanced penalty if the victim is under 16 years of age.  The jury must find this fact proved beyond a reasonable doubt.").  The statute is therefore divisible.

## C.

Conn. Gen. Stat. § 53a-73a's divisible nature triggers the third, and last, step of the categorical approach: the modified categorical approach.  See Estrella, 758 F.3d at 1245 ("The Supreme Court has only approved using the modified categorical approach when a prior conviction is for violating a so-called 'divisible statute.'" (quotation marks omitted)).  Intended "solely[] as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque," the modified categorical approach permits courts to consult a limited universe of documents in a bid to narrow the petitioner's offense of conviction to either a qualifying or disqualifying offense.  Mathis v. United States, 136 S. Ct. 2243, 2253 (2016).  These documents include transcripts of the petitioner's plea colloquy, copies of the plea agreement, and other records of "comparable findings of fact adopted by the [petitioner] upon entering a guilty plea."  Shepard v. United States, 544 U.S. 13, 20, 125 S. Ct. 1254, 1259–60 (2005).

We agree with Mr. Mesa that his Shepard documents—here, the record of conviction reflecting his plea and the transcript of his plea colloquy— unambiguously demonstrate he was convicted of misdemeanor sexual assault in

10

the fourth degree.[3]  We therefore need not address the more complicated question of what happens when a petitioner's Shepard documents prove inconclusive and the modified categorical tool fails to narrow the petitioner's offense of conviction.[4] See Francisco v. U.S. Att'y Gen., 994 F.3d 1120, 1134 n.37 (11th Cir. 2018) (leaving open the "issue of whether the Moncrieffe presumption applies in determining an alien's eligibility for cancellation of removal when the Shepard documents are inconclusive as to which crime the alien committed in a divisible statute").

To convict a defendant of felony sexual assault in the fourth degree under Conn. Gen. Stat. § 53a-73a(b), a jury must find beyond a reasonable doubt that the victim was under the age of sixteen.  See Crim. Jury Instruction Committee, Conn. Judicial Branch Criminal Jury Instructions 7.1-12 (2018).  Here, however, the plea

---

[3] As discussed earlier in this opinion, Mr. Mesa argued to the BIA on appeal that the record evidence, including his plea colloquy transcript, established by a "preponderance of the evidence" he was convicted of a misdemeanor and not a felony.  He also repeatedly challenged the IJ's finding that his Shepard documents were ambiguous as to the nature of his conviction. As a result, Mr. Mesa properly exhausted this argument before the BIA, and we retain jurisdiction to decide the claim.  See Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1285 (11th Cir. 2009) ("This Court has jurisdiction to review a final order of removal only if the alien has first exhausted his administrative remedies.").

[4] We note, however, that this issue has produced a split among our sister circuits, with the Sixth and Tenth Circuits concluding post-Moncrieffe that a petitioner necessarily fails to demonstrate eligibility for relief of removal on an ambiguous record of conviction, and the First Circuit taking the opposite position.  Compare Gutierrez v. Sessions, 887 F.3d 770, 779 (6th Cir. 2018); Lucio-Rayos v. Sessions, 875 F.3d 573, 583 (10th Cir. 2017) (issued by quorum) with Sauceda v. Lynch, 819 F.3d 526, 531 (1st Cir. 2016).  The Ninth Circuit appears poised to decide the issue en banc soon.  See Marinelarena v. Sessions, 869 F.3d 780 (9th Cir. 2017), reh'g en banc granted by Marinelarena v. Sessions, 886 F.3d 737 (9th Cir. 2018).

colloquy transcript is <u>silent</u> as to the victim's age.  The prosecutor's statement of the facts at the plea colloquy reflects only that Mr. Mesa "subjected another person to sexual contact without that person's consent."  This is plainly insufficient to sustain a felony conviction under the statute <u>as a matter of law</u>.  <u>See</u> Conn. Gen. Stat. § 53a-73a(b).  The plea colloquy's silence as to the victim's age therefore narrows Mr. Mesa's offense of conviction to misdemeanor sexual assault in the fourth degree.

Because it is uncontested he satisfies the other two requirements, Mr. Mesa has demonstrated his offense qualifies for the petty offense exception to inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(ii).  The BIA erred when it determined otherwise and affirmed the IJ's decision to deny his application for adjustment of status.

## IV.

The road to adjustment of status is a long and arduous one.  Our conclusion that Mr. Mesa has satisfied—via the petty offense exception—the requirement that he be admissible to the United States only renders him eligible for adjustment of status.  8 U.S.C. § 1255(a).  Because the IJ determined Mr. Mesa satisfies the other two requirements for adjustment of status, all that remains is for the Attorney General to adjudicate his application.  <u>See</u> <u>Moncrieffe</u>, 569 U.S. at 204, 133 S. Ct. at 1692.  We therefore remand for the agency to make that decision.

12

**PETITION GRANTED AND REMANDED.**