Dissent by Judge TASHIMA
OPINION
GRABER, Circuit Judge:
Petitioner Aracely Marinelarena,. a native and citizen of Mexico, stands convicted of conspiring to sell -and transport a controlled substance in violation of California Penal Code section 182(a)(1). After the federal government initiated removal proceedings, she conceded removability but applied for cancellation of removal under 8 U.S.C. § T229b(b). The immigration judge (“IJ”) denied relief. The Board of Immigration Appeals (“BÍA”) held that Petitioner had fallen short of meeting her burden of proof, by failing to' show that her conviction was not for a disqualifying controlled substance offense, and dismissed the appeal. We hold that the conspiracy statute under which Petitioner was convicted is overbroad but divisible, that Petitioner failed to carry her burden of proof to demonstrate that her conviction did not involve a federally controlled substance, and that she has failed to exhaust the argument that expungement of her conviction erases its immigration consequences. Accordingly, we deny the petition for review in part and dismiss it in part.
’ FACTUAL AND PROCEDURAL BACKGROUND
Petitioner first entered the United States in 1992 without admission or inspection. In 2000, she was convicted of false personation of a public officer, in violation of California Penal Code section 529. In 2006, the State of California filed a criminal complaint against Petitioner that charged her with one count of conspiring to commit a felony, in violation of California Penal Code section 182(a)(1). Specifically, it charged Petitioner with conspiring to sell and transport a controlled substance in violation of California Health and Safety Code section 11352. The criminal *784 complaint alleged several overt acts in furtherance of the conspiracy, one of which— the transportation of three bags containing heroin — referred to a particular controlled substance. On March 26, 2007, pursuant to a plea of guilty, Petitioner was convicted of violating California Penal Code section 182(a)(1). The state court sentenced her to 136 days’ imprisonment and three years’ probation.[1]
Two days later, the government served Petitioner with a notice to appear for removal proceedings. The notice charged Petitioner with removability as an alien who had remained in the United States'longer than permitted, in violation of 8 U.S.C. § 1227(a)(1)(B). Petitioner conceded re-movability but applied for cancellation of removal under 8 U.S.C. § 1229b(b). Around the same time, Petitioner filed separate motions in state court to vacate her false personation and conspiracy convictions under California Penal Code section 1203.4. In 2009, California courts granted Petitioner’s motions and vacated those convictions.
At a removal hearing in 2011, Petitioner argued that her conspiracy conviction did not constitute a controlled substance offense as defined by the Controlled Substances Act, 21 U.S.C. § 802, because the conviction documents do not specify the controlled substance. Petitioner also argued that she was eligible for cancellation of removal because her convictions had been vacated.
In 2012, the IJ held that Petitioner had failed to meet her burden to demonstrate eligibility for cancellation of removal and ordered her removed to Mexico. The IJ reasoned that Petitioner had failed to show that she was eligible for relief despite her convictions for false personation and conspiracy to sell and transport a controlled substance. The IJ noted that Petitioner’s false personation conviction under California Penal Code section 529 appeared to qualify as a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)®. The IJ also noted that Petitioner’s conspiracy conviction under California Penal Code section 182(a)(1) “for conspiracy to distribute heroin” barred her from relief because it was a disqualifying controlled substance offense. Lastly, although both convictions had been vacated, the IJ held that, because the convictions were not vacated on the merits, they remained valid for immigration purposes.
On appeal, the BIA held that Petitioner had failed to establish that her conspiracy conviction did not qualify as a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). The BIA explained that, although California Health and Safety Code section 11352 is broader than the Federal Controlled Substances Act, 21 U.S.C. § 802, because the state law covers more drugs than the federal definition, Petitioner submitted no evidence identifying the controlled substance and, therefore, did not meet her burden of proof. The BIA did not reach the IJ’s additional ruling that Petitioner’s false personation conviction was a crime involving moral turpitude. Nor did it reach the expungement question, because Petitioner did not raise it in her briefing to the BIA.
Petitioner timely petitions for review. We also granted a motion by a group of interested entities to file a joint amicus brief.
*785 STANDARD OF REVIEW
We review de novo questions of law and constitutional claims. Coronado v. Holder, 759 F.3d 977, 982 (9th Cir. 2014).
DISCUSSION
A. Controlled Substance Offense
To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b), a petitioner must meet the following requirements: (1) have been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of application; (2) have been a person of good moral character during that period; (3) not have been convicted of, as applicable here, a controlled substance offense; and (4) show that removal would cause “exceptional and extremely unusual hardship” to a family member who is a citizen of the United States or an alien lawfully admitted for permanent residence. Our analysis concerns the third requirement— that the petitioner not have been convicted of a controlled substance offense.
To determine whether a state conviction qualifies as an offense relating to a controlled substance as defined under federal law, we employ the categorical and modified categorical approaches set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). “First, we ask whether the state law is a categorical match with a federal [controlled substance] offense,” looking “only to the ‘statutory definitions’ of the corresponding offenses.” United States v. Martinez-Lopez, No. 14-50014, 864 F.3d 1034, 1038, 2017 WL 3203552, at *3 (9th Cir. July 28, 2017) (en banc) (quoting Taylor, 495 U.S. at 600,110 S.Ct. 2143). “If a state law proscribes the same amount of or less conduct than that qualifying as a federal [controlled substance] offense, then the two offenses are a categorical match.” Id. (internal quotation marks omitted). That result would end our analysis.
But if the offenses are not a categorical match, we proceed to a second step, asking whether the overbroad portion of the statute of conviction is “divisible,” meaning that it “sets out one or more elements of the offense in the alternative.” Id. at *4 (quoting Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013)). We will “consult ‘authoritative sources of state law’ to determine whether a statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime.” Id. (quoting Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2256, 195 L.Ed.2d 604 (2016)). Elements are “those circumstances on which the jury must unanimously agree.” United States v. Vega-Ortiz, 822 F.3d 1031, 1035 (9th Cir. 2016). If the statute is divisible, “then we may proceed to the third step in our analysis and apply the modified categorical approach.” Martinez-Lopez, 2017 WL 3203552, at *4, 864 F.3d at 1039. Under the modified categorical approach, “we examine judicially noticeable documents of conviction ‘to determine which statutory phrase was the basis for the conviction.’” Id. (quoting Descamps, 133 S.Ct. at 2285).
In short, only when a state statute is both overbroad and divisible do we employ the modified categorical approach. We do so by examining certain conviction-related documents, including “the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.” United States v. Leal-Vega, 680 F.3d 1160, 1168 (9th Cir. 2012) (internal quotation marks omitted).
*786 We agree with Petitioner that California Penal Code section 182(a)(1) is .overbroad, meaning that the categorical approach does not apply. But Petitioner also contends that the statute is indivisible, precluding the modified categorical approach, and therefore cannot qualify as a controlled substance offense. We disagree.
1. Categorical Approach
California Penal Code section 182(a)(1) punishes a broader range of conduct than either 8 U.S.C. § 1182(a)(2)(A)(i)(II) or § 1227(a)(2)(B)®. A defendant could be convicted under section 182(a)(1) for any criminal conspiracy, whether or not it relates to a- controlled substance. A conviction under section 182(a)(1), therefore, cannot count as a controlled substance offense under the categorical approach. See, e.g., United States v. Trent, 767 F.3d 1046, 1062 (10th Cir. 2014) (holding that a conspiracy conviction under Okla. Stat. Ann. tit. 21, § 421(A)—a statute with text similar to the text of Cal. Penal Code § 182(a)(1) — is not a serious drug offense under the categorical approach because “the statute could be violated-in many ways that have nothing to do with drugs”), cert. denied, — U.S. —, 135 S.Ct. 1447, 191 L.Ed.2d 400 (2015), abrogated on other grounds by Mathis, 136 S.Ct. at 2261.
2. Divisibility
Section 182(a) criminalizes the act of “two or more persons [who] conspire: (1) To commit any crime.” (Emphasis added.) Here, we must consider whether the conspiracy statute is divisible as to the target crime.[2] Faced with a statute that incorporates “any” California crime by reference, we must “consult' ‘authoritative sources of state law’ to determine whether [the] statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime.” Martinez-Lopez, 2017 WL 3203562, at *4, 864 F.3d at 1039 (quoting Mathis, 136 S.Ct. at 2256). The key question is whether a jury must find the purported element specifically. Here, the California Supreme Court has supplied the answer.
California law requires jurors to agree unanimously on the object crime of the conspiracy. “Under Penal Code section 182 the jury must also determine which.felony defendants conspired to commit, and if that felony is divided into degrees, which degree of the felony they conspired, to commit.” People v. Horn, 12 Cal.3d 290, 115 Cal.Rptr. 516, 524 P.2d 1300, 1304 (1974) (emphasis added); see also People v. Smith, 60 Cal.4th 603, 180 Cal.Rptr.3d 100, 337 P.3d 1159, 1168 (2014) (“A conviction of conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, as 'well as the specific intent to coinmit the elements of that offense, together with proof of the commission of an overt act in furtherance of the conspiracy.” (emphasis added) (internal quotation marks omitted)).
Petitioner relies on a California Court of Appeal case, People v. Vargas, 91 Cal. App.4th 506, 110 Cal.Rptr.2d 210 (2001), to argue that section 182(a)(1) is indivisible. *787 In Vargas, the court considered whether jurors must agree unanimously on all the object crimes of a multipurpose conspiracy, or if it is enough for the jurors to agree that crime, generally, was the object of the conspiracy. Id. at 244-47. The opinion has caused uncertainty as to the jury unanimity requirement for multipurpose conspiracy convictions in California. See, e.g., Trent, 767 F.3d at 1061 (citing Vargas for the proposition that some jurisdictions “may” not require that “the jury agree unanimously on what crime the conspirators agreed to commit”).
Whatever- the California Court of Appeal intended to convey in Vargas, the California Supreme Court has never recognized a jury unanimity exception for multipurpose conspiracies. Our task, when answering a question of state law, is to follow the precedents of the state’s highest court. See United Bhd. of Carpenters & Joiners of Am. Local 586 v. NLRB, 540 F.3d 957, 963 (9th Cir. 2008) (“In analyzing questions of state law, we are bound by the decisions of. the state’s highest court.”); Ticknor v. Choice Hotels Int’l, Inc., 265 F.3d 931, 939 (9th Cir. 2001) (“[F]ederal courts are bound by the pronouncements of the state’s highest court on applicable state law.... In assessing how a state’s highest'court would resolve a state law question — absent controlling state authority — federal courts look to existing state law without predicting potential changes in that law.” (internal quotation marks omitted)). Because the California Supreme Court requires that jurors agree on a specified object crime in order to convict a person of conspiracy, California Penal Code section 182(a)(1) is divisible.
3. Modified Categorical Approach
Because California Penal Code section 182(a)(1) is both overbroad and divisible, we proceed to the modified categorical approach, in which we examine the specifics of Petitioner’s conviction. The only document in the record relating to a controlled substance is the criminal.complaint, which shows that the target offense of the conspiracy was a violation of California Health and Safety Code section 11362. That target offense adds an additional layer to our analysis, because .California Health and Safety Code section 11362 is, with respect to the specific controlled substance, itself an overbroad but divisible statute to which the modified categorical approach applies. Martinez-Lopez, 2017 WL 3203552, at *4-7, 864 F.3d at 1039-43.
The criminal complaint identifies transportation of heroin in describing one of the overt acts alleged as part of the charged conspiracy; no other drug is mentioned in the criminal complaint. Heroin is a controlled substance under federal law. See 21 U.S.C. § 802(6) (defining “controlled substance” by reference to statutory schedule); 21 U.S.C. § 812, Schedule I (b)(10) (listing heroin on Schedule I). Even so, the record in this case is inconclusive. The conspiracy count to which Petitioner pleaded guilty does not identify the particular controlled substance except in the list of overt acts. But there is no plea agreement, plea colloquy, judgment,' or other document in the record that reveals the factual basis for Petitioner’s guilty plea. Because Petitioner’s guilty plea' could have rested on an overt act that did not relate to heroin, we cannot conclusively connect the transportation of heroin with her conviction. See Lara-Chacon v. Ashcroft, 345 F.3d 1148, 1152 (9th Cir. 2003) (noting that “[c]harging papers alone are never sufficient” to establish the' elements of conviction (internal quotation marks omitted)); United States v. Velasco-Medina, 305 F.3d 839, 852 (9th Cir. 2002) (noting that a charging document “contain[s] the elements of the crime the government set/s] *788 out to prove; it [does] not establish the elements to which [the petitioner] admitted in his guilty plea”).
On an inconclusive record, Petitioner is ineligible for relief because, with respect to eligibility for relief, she bears the burden of proof to show that her conviction did not relate to a federally controlled substance. “If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.” 8 C.F.R. § 1240.8(d) (emphasis added). In Young v. Holder, 697 F.3d 976, 990 (9th Cir. 2012) (en banc), we held that a “petitioner cannot carry the burden of demonstrating eligibility for cancellation of removal by establishing an inconclusive record of conviction.” Petitioner argues that we must overrule that aspect of Young because it is irreconcilable with a later United States Supreme Court case, Moncrieffe v. Holder, 569 U.S. 184, 133 S.Ct. 1678, 1687, 185 L.Ed.2d 727 (2013). We turn to that pivotal issue.
B. Burden of Proof
If Young remains good law, Petitioner is ineligible for cancellation of removal because the ambiguity in the record prevents her from proving that her conviction did not relate to a controlled substance as defined by federal law. A three-judge panel may “reject [a] prior opinion of this court” if an intervening and inconsistent Supreme Court decision has “undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.” Miller, 335 F.3d at 900. Petitioner and Amici contend that this standard is met because, under Moncrieffe, the inquiry under the categorical approach is whether “a conviction of the state offense necessarily involved [the] facts equating to the generic federal offense.” 133 S.Ct. at 1684 (emphasis added) (internal quotation marks and brackets omitted). That inquiry, they assert, is purely a question of law — -not fact — as to which the burden of proof is irrelevant. We disagree both as to the relevance of Moncrieffe and as to the nature of the inquiry in the present context.
In Young, the petitioner was removable and was found ineligible for cancellation of removal on account of his conviction for “sale/transportation/offer[ing] to sell” cocaine base, an aggravated felony. 697 F.3d at 980-81. The record of his conviction was inconclusive concerning the aggravated felony designation.[3] Because, in the REAL ID Act, Congress “place[d] the burden of demonstrating eligibility for cancellation of removal squarely on the noncitizen,” id. at 988, we held that the petitioner had the burden to establish that he had not committed an aggravated felony, id. at 989; see also 8 U.S.C. § 1229a(c)(4) (“An alien applying for relief or protection from removal has the burden of proof....”). The petitioner failed to satisfy his burden and, therefore, was ineligible for relief from removal because the record was inconclusive on this point. Young, 697 F.3d at 990.
In the later Supreme Court case, the petitioner had pleaded guilty to possession with intent to distribute marijuana in violation of a Georgia state law. Moncrieffe, 133 S.Ct. at 1683. The BIA found the petitioner removable for having committed a drug-trafficking crime that is punishable as a felony under the federal Controlled Substances Act, thus making it an aggravated felony. Id.; see also Moncrieffe v. Holder, 662 F.3d 387, 389-90 (5th Cir. 2011) (ex *789 plaining the issue in the case as being whether the petitioner was removable as charged for having committed this crime). The Supreme Court asked and answered the question whether the petitioner’s conviction could be considered categorically an aggravated felony when the Controlled Substances Act punishes the analogous offense as both a felony and a misdemeanor. 133 S.Ct. at 1684-85. The Court held that the petitioner was not removable because he had not been convicted of an aggravated felony; applying the categorical approach, the Controlled Substances Act did not “necessarily” punish as a felony all the conduct proscribed under the Georgia statute. Id. at 1686-87.
Moncrieffe differs from Young because, among other reasons, the two cases address entirely different legal' issues. Moncrieffe addressed the question whether the petitioner was removable, a question as to which the government bears the burden of proof. Young Sun Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir. 2008). By contrast, the relevant portion of Young addressed only the question whether the petitioner was eligible for cancellation of removal. As to that question, the nonciti-zen, not the government, bears the burden of proof. 8 U.S.C. § 1229a(c)(4); 8 C.F.R. § 1240.8(d). Thus it is Congress, not the Supreme Court, that assigned the burden of proof to a noncitizen who seeks relief in the form of cancellation of removal. See 8 U.S.C. § 1229a(c)(4) (“An alien applying for relief or protection from removal has the burden of proof to establish that the alien” is eligible.). The Moncrieffe opinion does not cite that statute anywhere, and for good reason. As noted, the issue before the Court concerned removability, not relief from removal.
It is well established that the party who bears the burden of proof loses if the record is inconclusive on the crucial point. See, e.g., Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 51, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005) (holding that, under the Individuals with Disabilities Education Act, whichever party seeks relief must carry the burden of persuasion, whether it be the parents or the school district); Dir., Office of Workers’ Comp. Programs v. Greenwich Collieries, 512 U.S. 267, 272-81, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994) (holding that, under the Administrative Procedure Act, the burden of proof encompasses the burden of persuasion; when the evidence is evenly balanced, the party with the burden must lose). Moncrieffe did not cite, let alone overrule, those and similar cases recognizing the effect of the burden of proof when the relevant evidence is in equipoise. That is because, as discussed below, Moncrieffe is not about the burden of proof.
Under Supreme Court law, when evidence is in equipoise, the burden of persuasion determines the outcome. Nor is it problematic that the same inconclusive evidence can result in a favorable decision on removability (Moncrieffe) yet an unfavorable decision on cancellation (Young). See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164-65 (11th Cir. 2008) (noting that two factual findings were not inconsistent given that “it is logically possible for the losing side to have varied with, because it depended on, the burden of proof’); cf. United States v. Meza-Soria, 935 F.2d 166, 169 (9th Cir. 1991) (noting that “courts have made it quite clear that because different standards of proof are involved, acquittal in a criminal action does not bar a civil suit based on the same facts” (internal quotation marks and brackets omitted)). In Young, we joined the Fourth and Tenth Circuits in recognizing that, when the burden of persuasion rests on the noncitizen to show eligibility for cancellation of re *790 moval, an inconclusive record fails to satisfy that burden. 697 F.3d at 989 (citing Salem v. Holder, 647 F.3d 111, 115-16 (4th Cir. 2011); Garcia v. Holder, 584 F.3d 1288, 1289-90 (10th Cir. 2009)); see also Sybils v. Att’y Gen. of U.S., 763 F.3d 348, 356-57 (3d Cir. 2014) (reaching the same conclusion, post-Moncrieffe); Sanchez v. Holder, 757 F.3d 712, 720 n.6 (7th Cir. 2014) (same). But see Sauceda v. Lynch, 819 F.3d 526, 531, 532 & n.10 (1st Cir. 2016) (rejecting Young and holding that Moncrieffe creates a presumption that a defendant committed the “least of the acts” that goes unrebutted when Shepard documents “shed no light on the nature of the offense or conviction,” even in the cancellation-of-removal context).[4]
To be sure, Moncrieffe acknowledged that its analysis for determining whether a particular crime of conviction is categorically a crime involving moral turpitude “is the same in both” the removal and cancellation contexts. 133 S.Ct. at 1685 n.4 (citing Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), which considered whether the petitioner was eligible for cancellation of removal after having committed two simple possession offenses under Texas state law). And that is true, so far as the discussion in Moncrieffe goes: “[cjonviction is the relevant statutory hook” whether determining removability or eligibility for relief from removal. Id. at 1685 (internal quotation marks omitted). But Moncrieffe did not discuss the differences in the burden of proof in those two contexts; it had no reason to. To the contrary, the Court limited its-rejection of the government’s suggestion that a noncitizen should have an opportunity to disprove the misdemeanor version of the Georgia statute to the categorical context: “This solution is entirely inconsistent with both the INA’s text [8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3)] and the categorical approach.” Moncrieffe, 133 S.Ct. at 1690 (emphasis added). Moncrieffe therefore cannot be read to inform the relevant dispute in Young, which pertained only to the operation of the burden of proof when the. modified categorical approach applies.[5].
For all these reasons, Moncrieffe and Young are not clearly irreconcilable.
We are equally unpersuaded by Petitioner and Amici’s argument that the modified categorical approach involves only a legal inquiry and that the burden of proof is irrelevant after Moncrieffe and Descamps. As noted, Moncrieffe did not decide or *791 even suggest anything about the burden of proof. Descamps, for its part, did not intimate that every inquiry under-the modified categorical approach is a question of law; it simply held that the modified categorical approach was “a tool for implementing the categorical approach” and, therefore, could not be applied to indivisible statutes. 133 5.Ct. at 2284, 2286-87.
Although the modified categorical approach, like the categorical approach, involves some strictly legal issues — such as a statute’s divisibility- — the inquiry -into which part of a divisible statute underlies the petitioner’s crime of conviction is, if not factual, at least a mixed question of law and fact.[6] “[MJixed questions of law and fact” are those in which “the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard.” Pullman-Standard v. Swint, 456 U.S. 273, 289 n.19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). The modified categorical approach squarely fits within that definition. See Descamps, 133 S.Ct. at 2284-85 (explaining that, under the modified categorical approach, courts may review approved “extra-statutory materials ... [to] discover which statutory phrase contained within a statute listing several different crimes[] covered a prior conviction.” (internal quotation marks omitted)); Taylor, 495 U.S. at 600, 110 S.Ct. 2143 (holding that, under the categorical approach, courts “look only to the fact that the defendant had been convicted of’ certain crimes (emphasis added)); see also Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the. prescribed statutory - maximum must be submitted to a jury, and proved beyond a reasonable doubt.” (emphasis added)).
When reviewing mixed questions of law and fact, we regularly consider the burden of persuasion. See, e.g., Dorrance v. United States, 809 F.3d 479, 484 (9th Cir. 2015) (stating that the question whether taxpayers had a cost basis in assets that they later sold, but for which they paid nothing, “is a mixed question of law and fact” as to which the taxpayers bear the burden of persuasion); United States v. Arreguin, 735 F.3d 1168, 1174 (9th Cir. 2013) (noting that “[t]he issue of whether a person has actual or apparent authority to consent to a search is a mixed question of law and fact” and that “the government has the burden of establishing the effectiveness of a third party’s consent to a search”); United States v. Blackman, 72 F.3d 1418, 1423 (9th Cir. 1995) (stating that we review de novo the district court’s rulings on the scope of the attorney-client privilege because they involve “mixed questions of law and fact” and that the burden of persuasion is on the party seeking to establish that the privilege applies); United States v. Lingenfelter, 997 F.2d 632, 636, 637 (9th Cir. 1993) (stating that whether police conduct amounts to a “search” within the meaning of the Fourth Amendment is “a mixed question of law and fact” and that the defendant bears the burden of demonstrating that he or she had a legitimate expectation of privacy in the place searched).
*792 To summarize, Moncrieffe is about removal; by contrast, Young is about cancellation of removal. Moncrieffe discusses how the categorical approach works when defining a crime involving moral turpitude and says nothing at all about operation of the burden of proof, which was not an issue in that case. Young discusses the burden of proof when applying the modified categorical approach. Although Descamps makes clear that the modified categorical approach is “a tool for implementing the categorical approach,” 133 S.Ct. at 2284, it is a tool that requires the consideration of factual documents within the context of the law and, by that process, makes the burden of proof relevant. Thus, neither Moncrieffe nor Des-camps requires us to overrule Young. The decisions are not clearly irreconcilable.
C. Expungement
Finally, Petitioner argues that the expungement of her conspiracy conviction removes it from the definition of “conviction” under 8 U.S.C. § 1101(a)(48)(A).[7] Specifically, she challenges pur deference to the BIA’s interpretation of § 1101(a)(48)(A). See Murillo-Espinoza v. INS, 261 F.3d 771, 774 (9th Cir. 2001) (adopting the BIA’s interpretation of § U01(a)(48)(A) in In re Roldan, 22 I. & N. Dec. 512 (B.I.A. 1999) (en banc), as “preclud[ing] the recognition of subsequent state rehabilitative expungements of convictions”).
Petitioner did not present that claim to the BIA, and it is not exhausted. We lack jurisdiction over an unexhausted claim. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004) (holding that 8 U.S.C. § 1252(d)(1) “mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below”). Accordingly, we must dismiss the expungement claim.[8]
Petition DENIED IN PART and DISMISSED IN PART.

. At her removal hearings, Petitioner submitted the complaint to the IJ and admitted that she was "convicted solely of Count 1 of the Complaint," which alleged that she had committed "the crime of CONSPIRACY TO COMMIT A CRIME, in violation of PENAL CODE SECTION 182(a)(1),” specifically, conspiring “to commit the crime of SELL AND TRANSPORT, in violation of Section 11352 of the HEALTH AND SAFETY Code."

. United States v. Garcia-Santana, 774 F.3d 528 (9th Cir. 2014), does not affect our analysis of whether the conspiracy statute, California Penal Code section 182(a)(1), is divisible, Garcia-Santana held that Nevada's conspiracy statute, Nev. Rev. Stat. § 199.480, is over-broad because it does not contain, as an element, an overt act, Garcia-Santana, 774 F.3d at 534. In a footnote, the opinion conveys that the omission of an overt act requirement cannot be cured by resort to the modified categorical approach to show that an overt act was proved in a given case, Id. at 534 n.3. As we discuss below in text, an overt act is a requirement for a conspiracy conviction under Galifornia law.

. The petitioner had pleaded guilty to a charging document that alleged 14 different theories of how he could have committed the offense, some of which were aggravated felonies and some of which were not. Young, 697 F.3d at 990.

. In Le v. Lynch, 819 F.3d 98, 108 (5th Cir. 2016), the court held that, "[n]otwithstanding the inconclusive evidence in the instant case, ... the burden remains on [the petitioner] to prove eligibility for relief from removal.” But there, the ambiguity did not rest on a divisible statute, and the court declined to decide "whether Moncrieffe affected how courts should apply the modified categorical approach to determine whether a prior conviction disqualifies a noncitizen from relief from removal when the record of conviction is ambiguous as to whether the elements of the crime correspond to a disqualifying offense.” Id. at 107 n.5.

. Amici also contend that Young is clearly irreconcilable with Moncrieffe because of the latter’s statement that ”[t]hp categorical approach was designed to avoid” inconsistent treatment of “two noncitizens ... ‘convicted of’ the same offense." Moncrieffe, 133 S.Ct. at 1690. The Court made that .comment in the context of applying the categorical approach, not the modified categorical approach. And Amici’s proposed solution — overruling Young and allowing relief when the record of conviction is .ambiguous — would not eliminate the prospect of inconsistent results: The opportunity for individuals, convicted of a given offense, to obtain relief would still vary depending on the record’s clarity, as only the default rule would change. Such a rule therefore would not ameliorate Amici’s concern about inconsistent treatment of similarly situated persons.

. At least one other circuit has held that the determination of the offense of conviction is a purely factual inquiry. See Le, 819 F.3d at 105 ("[T]he alien has the burden of proof to establish that he satisfies the applicable eligibility requirements in order to prove that any grounds for denial do not apply. When an alien’s prior conviction is at issue, the offense of conviction itself is a factual determination, not a legal one. However, determining whether that conviction is a particular type of generic offense is a legal question.” (emphasis added);(citations omitted)).

. Section 1101(a)(48)(A) provides:
The term "conviction” means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where— (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

. Even if we agreed with Petitioner that this claim qualifies for an exception to the exhaustion requirement, we have rejected a similar argument on the merits. See Reyes v. Lynch, 834 F.3d 1104, 1108 (9th Cir. 2016) (holding that, even though a California court set aside a petitioner’s earlier nolo contendere plea, a "state conviction expunged under state law is still a conviction for purposes of eligibility for cancellation of removal and adjustment of status,” even when the petitioner was never incarcerated, because “the alien was punished or his liberty was restrained by the terms of his probation”).