RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0073p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

MIRIAM GUTIERREZ,

*Petitioner,*

*v.*

No. 17-3749

JEFFERSON B. SESSIONS, III, Attorney General,

*Respondent.*

─────────────

On Petition for Review from the Board of Immigration Appeals;
No. A 035 381 061.

Decided and Filed:  April 16, 2018

Before:  SILER, BATCHELDER and DONALD, Circuit Judges.

─────────────

**COUNSEL**

─────────────

**ON BRIEF:**  Alicia J. Triche, TRICHE IMMIGRATION LAW, Memphis, Tennessee, for Petitioner.  Sarah Byrd, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

**OPINION**

─────────────

BERNICE BOUIE DONALD, Circuit Judge.  Petitioner Miriam Gutierrez ("Gutierrez"), a Lawful Permanent Resident ("LPR"), seeks judicial review of the Board of Immigration Appeals ("BIA") affirmance of the Immigration Judge's ("IJ") denial of her application for cancellation of removal under 8 U.S.C. § 1229b(a), and granting the motion of the Department of Homeland Security ("DHS") to pretermit the application on the grounds that Gutierrez failed to establish that her convictions were not aggravated felonies.  An LPR who has been "convicted"

of an "aggravated felony" is disqualified from cancellation under § 240A(a)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a)(3). In this appeal, we are called upon to decide, where an alien was convicted under a divisible criminal statute and the record is inconclusive as to whether the conviction was for an aggravated felony, whether such inconclusiveness defeats the alien's eligibility for relief or, rather, should be construed in the alien's favor, thereby establishing eligibility. For the reasons stated herein, we **DENY** the petition and **AFFIRM** the BIA's order.

## I

Gutierrez, a native and citizen of Bolivia, has been an LPR since her admission to the United States in 1980. Pertinent to the present appeal, she was convicted in 2012 for two counts of credit card theft in violation of Virginia Code § 18.2-192(1), after entering a guilty plea.[1] Gutierrez also had prior convictions for petty larceny, Virginia Code § 18.2-96 (in January 2009), and for prescription fraud, Virginia Code § 18.2-258.1 (in March 2012).

In March 2012, DHS initiated removal proceedings against Gutierrez by serving her with a Notice to Appear ("NTA") in Immigration Court. The NTA charged her with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), based on her convictions for petty larceny and prescription fraud, considered as crimes involving moral turpitude. At an October 2014 hearing, Gutierrez admitted the NTA's allegations and conceded her removability.

Gutierrez applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). DHS moved to pretermit Gutierrez's application for relief, based on statutory ineligibility because she had been convicted of an aggravated felony. Specifically, DHS argued that Gutierrez's 2012 credit card theft conviction[2] was an aggravated felony theft offense under 8 U.S.C.

---

[1]Gutierrez also pleaded guilty to Virginia credit card forgery. However, the BIA reached its decision based on the Virginia credit card theft convictions; we thus forgo as unnecessary any inquiry into whether the other convictions were for an aggravated felony under 8 U.S.C. § 1101(a)(43)(R).

[2]Under Virginia Code § 18.2-192(1), a person is guilty of credit card theft when:

(a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder; or

§ 1101(a)(43)(G). DHS noted that Gutierrez had not provided proof that her credit card convictions were not for an aggravated felony. Following a hearing in February 2015, the IJ found that Gutierrez had failed to carry her burden of proving the absence of a disqualifying theft aggravated felony conviction. Therefore, the IJ concluded that Gutierrez was ineligible for relief, and granted DHS' motion to pretermit.

Gutierrez then appealed to the BIA. She did not contest removability; she argued that the Virginia credit card theft statute was overbroad and indivisible and thus "[could] []not serve as [a] predicate offense[]" under 8 U.S.C. § 1101(a)(43)(G).[3] In the alternative, Gutierrez argued that even if the statute were "subject to the modified categorical approach," her inconclusive record of conviction should be construed in her favor.

The BIA "employ[ed] the 'categorical approach'" to determine whether Gutierrez's state conviction qualified as a theft aggravated felony under 8 U.S.C. § 1101(a)(43)(G). At the first step, the BIA found Virginia Code § 18.2-192(1) "overbroad vis-à-vis the 'theft offense' concept" because the statute contained at least one subdivision, (1)(c), under which "a person can be convicted . . . absent proof of an 'intent to deprive' the rightful owner of the property." At the second step of the analysis, the BIA determined that the section was divisible because its subdivisions "criminalize[d] diverse acts, committed with different mental states." At the third step, given that the evidence showed that the 8 U.S.C. § 1229b(a)(3) "aggravated felony bar 'may apply'" to Gutierrez's application for relief, the BIA applied 8 C.F.R. § 1240.8(d) and required Gutierrez to "prove by a preponderance of the evidence that the bar [was] inapplicable." Gutierrez could meet this burden "by producing conviction records indicating that she was

---

> (b) He receives a credit card or credit card number that he knows to have been lost, mislaid, or delivered under a mistake as to the identity or address of the cardholder, and who retains possession with intent to use, to sell or to transfer the credit card or credit card number to a person other than the issuer or the cardholder; or
>
> (c) He, not being the issuer, sells a credit card or credit card number or buys a credit card or credit card number from a person other than the issuer; or
>
> (d) He, not being the issuer, during any twelve-month period, receives credit cards or credit card numbers issued in the names of two or more persons which he has reason to know were taken or retained under circumstances which constitute a violation of § 18.2-194 and subdivision (1) (c) of this section.

[3]On appeal to this Court, Gutierrez no longer argues that Virginia Code § 18.2-192 is indivisible; rather, she now adopts fully what had been her argument in the alternative, conceding the statute's divisibility.

charged and pled guilty under section 18.2-192(1)(c)" rather than under another subdivision. However, the BIA noted that the only conviction-related records Gutierrez supplied were "silent as to the subdivision under which she was convicted," and the resulting "inconclusiveness of the conviction record necessarily inure[d]to her detriment." The BIA concluded that Gutierrez was "removable as charged based on her concession, and [was] ineligible for cancellation of removal because she did not prove that she 'has not been convicted of any aggravated felony,' as required by [8 U.S.C. § 1229b(a)(3)]." The BIA dismissed Gutierrez's appeal and granted the DHS motion to pretermit her application. This timely appeal followed.

## II

As a threshold matter we note that while 8 U.S.C. § 1252(a)(2)(C) bars our "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" a crime of moral turpitude, subparagraph (C) does not "preclud[e] review of constitutional claims or questions of law" in a petition for review. *Id.* § 1252(a)(2)(D). We review such claims de novo. *See Trela v. Holder*, 607 F. App'x 527, 531 (6th Cir. 2015). Where the BIA reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (citing *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007)). We review de novo an agency's determinations of questions of law. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (citing *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009)).

## III

### A

An "aggravated felony" conviction disqualifies an LPR from cancellation of removal. 8 U.S.C. § 1229b(a)(3).[4] The applicant for relief must demonstrate eligibility. *Id.*, § 1229a(c)(4)(A)(i). Where "grounds for mandatory denial of . . . relief may apply," the

---

[4]There is no dispute that Gutierrez satisfies the other requirements for relief. *See* 8 U.S.C. § 1229b(a)(1)-(2).

applicant must "prov[e] by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d); *see Diaz-Zanatta v. Holder*, 558 F.3d 450, 458 (6th Cir. 2009).

An "aggravated felony" is defined to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The generic definition of a "theft offense" for purposes of § 1101(a)(43)(G) is a "taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007); *Matter of V-Z-S-*, 22 I. & N. Dec. 1338 (BIA 2000).

To determine whether a state statute matches a predicate offense in a federal statutory scheme, courts conduct a three-step inquiry. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *United States v. Ritchey*, 840 F.3d 310, 315-16 (6th Cir. 2016). First, the court asks "whether the state law is a categorical match with" the generic federal offense. *Marinelarena v. Sessions*, 869 F.3d 780, 785 (9th Cir. 2017) (citation omitted). Only a statute whose "elements are the same as, or narrower than, those of the generic offense" categorically matches the generic offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Such a match ends the inquiry.

Absent a categorical match, the second step asks whether the "overbroad" statute has but "a single . . . set of elements" and therefore "defines[s] a single crime." *Mathis*, 136 S. Ct. at 2248. A finding that a statute is thus "indivisible" ends the inquiry because "an indivisible, overbroad statute can *never* serve as a predicate offense." *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014) (citing *Descamps*, 570 U.S. at 265).

In contrast, a "divisible" statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2249. Such statutes receive "modified categorical" analysis. *Descamps*, 570 U.S. at 257. Therein, the court reviews "a limited class of documents to determine" not the *facts* of the underlying criminal conduct but rather "which of a statute's alternative *elements* formed the basis of the . . . conviction," *Id.* at 262 (emphases added). The Supreme Court has set forth the relevant documents: the judgment of conviction, the charging document, a written plea agreement, a plea colloquy, or other "comparable judicial record."

*Shepard v. United States*, 544 U.S. 13, 26 (2005). The list of permitted *Shepard* documents is limited in order to further the categorical approach's broad goal of preventing "relitigation of past convictions . . . long after the fact." *See Moncrieffe v. Holder*, 569 U.S. 184, 200-01 (2013) (citing *Chambers v. United States*, 555 U.S 122, 125 (2009)).

It is undisputed that Gutierrez is removable due to her convictions for crimes of moral turpitude, (Pet'r's Br. at 12-14), and that her eligibility for relief depends on having no "convict[ion] of any aggravated felony," (*id.* at 4-5). Also undisputed are the overbreadth of Virginia Code § 18.2-192 vis-à-vis generic theft aggravated felony; its divisibility into multiple offenses, at least one of them not matching the generic definition, (*id.* at 17-18); and the inconclusiveness of the record of conviction as to which subsection of § 18.2-192 Gutierrez was convicted under, (*id.* at 16). The effect of that inconclusiveness is where the two sides part ways.

**B**

We turn, then, to the sole issue in dispute: which "side [may] claim[] the benefit of the record's ambiguity." *See Salem v. Holder*, 647 F.3d 111, 116 (4th Cir. 2011) (quoting *Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009)) (alterations in original). On this question, one of first impression for this Court and on which our sister circuits are divided,[5] turns the disposition of this appeal.

Gutierrez argues that only where a record of conviction "*necessarily demonstrates* that a federal generic offense has occurred," (Reply Br. at 6) (emphasis added), can "the categorical approach be satisfied," (*id.* at 1-2 (citing *Moncrieffe*, 569 U.S. 184; *Mellouli v. Lynch*,135 S. Ct. 1980 (2015))). She urges that the ambiguity in her record as to which subsection of Virginia

---

[5]Gutierrez invokes *Sauceda v. Lynch*, 819 F.3d 526, 532 (1st Cir. 2016), and *Martinez v. Mukasey*, 551 F.3d 113, 121-22 (2d Cir. 2008), as the federal appellate decisions supporting her position that, on an inconclusive record of conviction as to a state offense, an applicant for relief from removal has met her burden. (Pet'r's Br. at 5). On the other side of the ledger, Gutierrez points to decisions from six circuits as standing for the proposition that, in such circumstances, an applicant's burden is not met: *Syblis v. Att'y Gen. of U.S.*, 763 F.3d 348, 355-57 (3d Cir. 2014); *Salem v. Holder*, 647 F.3d 111, 116-20 (4th Cir. 2011); *Le v. Lynch*, 819 F.3d 98, 106-07 (5th Cir. 2016); *Sanchez v. Holder*, 757 F.3d 712, 720 n.6 (7th Cir. 2014); *Marinelarena v. Sessions*, 869 F.3d 780 (9th Cir. 2017), *affirming Young v. Holder*, 697 F.3d 976, 988-90 (9th Cir. 2012); and *Garcia v. Holder*, 584 F.3d 1288, 1289-90 (10th Cir. 2009). (Pet'r's Br. at 22). The government points only to the First Circuit's holding in *Sauceda*, 819 F.3d 526, as supporting Gutierrez's position, while invoking on its own side the six decisions cited by Gutierrez as well as *Omoregbee v. U.S. Att'y Gen.*, 323 F. App'x 820, 826 (11th Cir. 2009). (Resp't's Br. at 30-31).

Code § 18.2-192 she was convicted under, (Pet'r's Br. at 16), means "there is no disqualifying conviction" and her burden of proof is met, (*id.* at 1 (citing *Sauceda v. Lynch*, 819 F.3d 526, 532 (1st Cir. 2016); *Moncrieffe*, 569 U.S. at 194-95)).

The First Circuit's decision in *Sauceda*, 819 F.3d 526, is one of two that Gutierrez turns to from our sister circuits in support of her position. *Sauceda*, in turn, relies chiefly on *Moncrieffe*, 569 U.S. 184. The *Moncrieffe* Court held: "Because we examine what the state conviction necessarily involved, not the facts underlying the case, *we must presume* that the conviction 'rested upon [nothing] more than *the least of th[e] acts*' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." 569 U.S. at 190-91 (emphases added) (alterations in original). Gutierrez contends that this "*Moncrieffe* presumption" is controlling in her case. (Pet'r's Br. at 24; Reply Br. at 3-4).

Gutierrez's reliance on *Moncrieffe* is misplaced, for two reasons. First, *Moncrieffe* concerned removability, not eligibility for relief. *Moncrieffe*, 569 U.S. at 189-90; *see also Le v. Lynch*, 819 F.3d 98, 107 (5th Cir. 2016); *Marinelarena*, 869 F.3d at 790. This distinction matters, because the burden of proof differs in each context. Congress gave "the government . . . the burden of establishing removability by clear and convincing evidence," *Salem*, 647 F.3d at 116 (citing 8 U.S.C. § 1229a(c)(3)(A)), while "the clear text of the statute shifts the burden to the . . . noncitizen" to show eligibility for relief, *id.* (citing 8 U.S.C. § 1229a(c)(4)(A)(i)); *see Lucio-Rayos v. Sessions*, 875 F.3d 573, 581 (10th Cir. 2017) ("Congress has placed the burden of proving eligibility for relief . . . squarely on the alien."); *Le*, 819 F.3d at 105.

Nevertheless, the *Sauceda* court gave considerable weight to *Moncrieffe*'s observation "that the . . . statutory language in the INA" with regard to "convict[ion] . . . is identical in the removal and cancellation of removal contexts, and so the 'analysis is the same in both contexts.'" *Sauceda*, 819 F.3d at 535 (quoting *Moncrieffe*, 569 U.S. at 191 n.4). The court, however, read too much into that language: *Moncrieffe*'s remark about the "analysis [being] the same," confined to a footnote, "was dicta because the issue of . . . an alien's eligibility for *relief* was not before the Court." *Le*, 819 F.3d at 107; *see Cent. Green Co. v. United States*, 531 U.S. 425, 431 (2001) (it is appropriate for lower courts to "resort to the text of the statute" rather than to

"isolated comment[s]" from Supreme Court opinions because Supreme Court "dicta may be followed if sufficiently persuasive but are not binding" (citation omitted)). More importantly, *Moncrieffe*'s reference to "identical" statutory language concerned the phrase "convicted of any aggravated felony" in 8 U.S.C. § 1229b(a)(3); it cannot be read as somehow equating the statutorily distinct burdens of proof for removability and relief. *See Lucio-Rayos*, 875 F.3d at 583; *Marinelarena*, 869 F.3d at 790. The Congressionally-mandated burden-shifting means that the party carrying the burden of proof is *not* the same in the two contexts. *Salem*, 647 F.3d at 114-15. *Moncrieffe*, therefore, is inapposite.

*Moncrieffe* fails to support Gutierrez's position for a second reason, as well: the statute of conviction there was indivisible and therefore, unlike the case here, the Court never reached the third step of the analysis, involving the modified categorical approach. 569 U.S. at 190-91. Indeed, *Moncrieffe* cautioned that the "least of th[e] acts criminalized" rule is "not without qualification," proceeding to mark off for different treatment "state statutes that contain several different crimes, each described separately," where "a court may determine which particular offense the noncitizen was guilty of by examining" the *Shepard* documents. *Id.* at 191. In other words, *Moncrieffe* itself placed divisible statutes outside of the "*Moncrieffe* presumption." *Id.*

Enlisting the aid of *Sauceda*, 819 F.3d 526, Gutierrez argues that *Moncrieffe* is nevertheless applicable here. Like Gutierrez, the petitioner in *Sauceda* was convicted under a divisible state statute. 819 F.3d at 529-30. The court concluded that the *Moncrieffe* "presumption . . . dictate[d] the outcome" for the petitioner. *Id.* at 531. *Sauceda* held that where "it is undisputed that all the *Shepard* documents have been produced and that they shed no light on the nature of the . . . conviction, the *Moncrieffe* presumption [] stand[s] since it cannot be rebutted." *Id.* at 531-32. *Sauceda* thus reads *Moncrieffe* as creating a presumption that a state conviction was for the "least of the acts" criminalized—a presumption that applies not only to indivisible statutes, but also to divisible ones "if unrebutted by *Shepard* documents." *Id.* at 531-32, 534. As we have just noted, though, the text of *Moncrieffe* gives no warrant for such a broad reading: the opinion addressed neither divisible statutes nor the modified categorical approach, beyond pointing to such statutes as a "qualification" to the "least of th[e] acts criminalized" rule. *Moncrieffe*, 569 U.S. at 191; *see Lucio-Rayos*, 875 F.3d at 583; *Marinelarena*, 869 F.3d at 790.

*Sauceda*, therefore, does not stand on firm ground because it rests on a questionable reading of *Moncrieffe* as controlling. *See Sauceda*, 819 F.3d at 531, 533-35. In addition, *Sauceda* is distinguishable in that "the complete record of conviction [was] present" there, a fact the court's holding treated as significant: "[S]ince all the *Shepard* documents [had] been produced and the modified categorical approach" could not resolve the ambiguity regarding the statute of conviction, the court applied the *Moncrieffe* presumption in the petitioner's favor. *Id.* at 532. The court did not, however, address the effects of an incomplete record. Here, in contrast, Gutierrez submitted only her plea agreement and sentencing order, which did not resolve the ambiguity concerning the statute of conviction. This gap is puzzling, especially in view of the plea agreement's reference to Gutierrez "hav[ing] read each of the indictments," discussed them with her attorney, and "understand[ing] each of the charges against [her]." Gutierrez proffers no explanation for the gap, simply stating that she "has submitted all evidence available to her" from the record of conviction. (Pet'r's Br. at 23).

Besides the First Circuit, the only other circuit invoked by Gutierrez as supporting her position regarding the effect of an inconclusive record of conviction in the relief context is the Second Circuit in *Martinez v. Mukasey*, 551 F.3d 113, 118 (2d Cir. 2008). There, the petitioner seeking relief had been "convicted of two [New York] state drug offenses for distribution of a small quantity of marihuana." *Id.* at 115. The issue before the court was whether the convictions matched an aggravated felony under the federal Controlled Substances Act. *Id.* The court subjected the statute to categorical analysis, applying a test comparable to *Moncrieffe*'s "least of the acts" criminalized standard: "in adopting a 'categorical approach[,]' . . . [we] consider[] . . . only *the minimum criminal conduct necessary* to sustain a conviction under a given statute." *Id.* at 118 (quoting *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 143 (2d Cir. 2008)) (emphasis added).

*Martinez* thus concerned, as did *Moncrieffe*, the application of the categorical approach to a statute treated as indivisible. In a footnote, the court took note of divisible statutes as "a limited exception" to the categorical approach, wherein a court goes beyond the mere statutory elements to consider the record of conviction. *Id.* at 118 n.4. Noting, however, that the parties had given no indication that the record of conviction would support a different result were the

modified categorical approach employed, the court "[a]ccordingly" declined to "take [a] position as to whether" the modified categorical approach applied. *Id.* Because *Martinez* does not address the effects of an inconclusive record of conviction under a divisible state statute, it is at best of limited relevance to the present appeal.

Gutierrez also argues that, in requiring her to shoulder the burden of proof as to the nature of her state conviction, the BIA improperly "inject[ed] a factual determination into the categorical approach." (Pet'r's Br. at 22-23). She urges, with respect to eligibility for cancellation of removal under 8 U.S.C. § 1229b(a), that the § 1229b(a)(1)-(2) requirements of "7 years of continuous residence" and "5 years of LPR status" are "factual matters." (*Id.* at 23). The requirement that the LPR "ha[ve] not been convicted of an aggravated felony," she urges in contrast, § 1229b(a)(3), "is a legal question," to which the burden of proof is irrelevant. (Reply Br. at 8).

As the Ninth Circuit aptly points out in *Marinelarena*, however, "[a]lthough the modified categorical approach . . . involves some strictly legal issues[,] . . . the inquiry into which part of a divisible statute underlies the petitioner's crime of conviction is, if not factual, at least a mixed question of law and fact." 869 F.3d at 791 (quoting *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982)). The Supreme Court provides further clarity on this issue, observing that the statutory scheme required courts to look to "*the fact that* the defendant had been convicted of crimes falling within certain categories, and not to *the facts* underlying" those convictions. *Taylor v. United States*, 495 U.S. 575, 600 (1990) (emphases added); *see also Vasquez-Martinez v. Holder*, 564 F.3d 712, 716 (5th Cir. 2009) (holding that the offense of conviction is a factual, not a legal, determination). "Courts cannot arrive at legal conclusions" regarding a prior conviction's effect on eligibility for relief "without considering the underlying facts[;] [o]ur analysis of a noncitizen's burden . . . assists us in arriving at a legal conclusion." *Syblis v. Att'y Gen. of U.S.*, 763 F.3d 348, 356 n.11 (3d Cir. 2014).

What Gutierrez urges, in effect, is that her burden of proof under 8 U.S.C. § 1229a(c)(4)(A)(i) and 8 C.F.R. § 1240.8(d) with regard to 8 U.S.C. § 1229b(a) eligibility is different for factual matters than it is for legal questions. But treating the "aggravated felony" provision, 8 U.S.C. § 1229b(a)(3), differently from the rest of the § 1229b(a) requirements is

something that the plain text of the statute gives us no ground to do. *See Le*, 819 F.3d at 104-05 (noting, and subsequently validating, government's argument that statutory language does not differentiate the § 1229b(a) requirements between those involving factual and legal determinations).

## C

Gutierrez asserts that "the categorical approach . . . has consistently held that an 'inconclusive' record does *not* establish deportability." (Reply Br. at 2). In particular, she contends that "the Supreme Court has held that a state record of conviction must necessarily establish that the generic federal offense has occurred in order for the categorical approach to be satisfied." (*Id.* at 1-2 (citing *Moncrieffe*, 569 U.S. 184; *Mellouli*, 135 S. Ct. 1980)). As noted *supra*, *Moncrieffe* provides scant support to Gutierrez's position because it addressed an indivisible statute. 569 U.S. at 190-91. *Mellouli* is also inapposite, because the record there clearly established under which prong of the divisible state statute the defendant was convicted. *See* 135 S. Ct. at 1983.

That "an 'aggravated felony' is not established by an inconclusive record" in the removal context is, according to Gutierrez, "carved into stone." (Reply Br. at 6). However, she cites no authority in support of that sweeping claim. It seems doubtful that a proposition on which our sister circuits are divided can fairly be described as "carved into stone." Still less so when a strong majority of the circuits—six of eight, by her own tally[6]—to have addressed the issue have reached the contrary conclusion to the one Gutierrez urges on this Court. But Gutierrez fails to address the reasoning of the circuits that have held contrary to her position. The "[c]ourts that have ruled an inconclusive conviction record fails to meet a burden of proof," she contends, "are not persuasive." (Pet'r's Br. at 22). Beyond that bare assertion, Gutierrez offers no further argument.

While "decisions from our sister circuits are not binding, we have repeatedly recognized their persuasive authority." *Bowling Green & Warren Cty. Airport Bd. v. Martin Land Dev. Co.*,

---

[6]*See supra* note 5. The government's scorecard is slightly different, counting the split as seven to one. *See id.*

561 F.3d 556, 560 (6th Cir. 2009) (citation omitted). We "routinely look[] to our sister circuits for guidance when we encounter a legal question that we have not previously passed upon," *United States v. Washington*, 584 F.3d 693, 698 (6th Cir. 2009) (quoting *United States v. Houston*, 529 F.3d 743, 762 (6th Cir. 2008)), and we have before adopted the reasoning of the overwhelming majority of our sister circuits on questions of first impression, *id.* at 700. We are persuaded that the view of the Third, Fourth, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits best comports with the statutory burden of proof. Once her removability has been demonstrated, for which the government bears the burden of proof, *Salem*, 647 F.3d at 116, it is the applicant for relief who must "prov[e] by a preponderance of the evidence that" potential "grounds for mandatory denial of . . . relief" in fact "do not apply" in her case, 8 C.F.R. § 1240.8(d); *see also* 8 U.S.C. § 1229a(c)(4)(A)(i) (generally assigning the burden of demonstrating eligibility on the applicant for relief). The BIA decision properly applied the categorical approach, including its modified categorical component, to the facts of Gutierrez's case.

We therefore hold that where a petitioner for relief under the INA was convicted under an overbroad and divisible statute, and the record of conviction is inconclusive as to whether the state offense matched the generic definition of a federal statute, the petitioner fails to meet her burden. Under the applicable statutory standard, and in alignment with the view of a strong majority of our sister circuits to have addressed the issue, Gutierrez has not demonstrated by a preponderance of the evidence that she satisfies the requirements for eligibility for relief.

**IV**

For the foregoing reasons, we **DENY** the petition for review and **AFFIRM** the BIA's judgment.