**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA EUGENIA CARBALLO-MIRANDA, AKA Maria Eugenia Carvallo, AKA Maria Del Rosario Ramirez, | No.    19-70637 |
| Petitioner, | Agency No. A092-675-655 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Maria Eugenia Carballo-Miranda petitions for review of the Board of

Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ) decision

ordering her removed from the United States and finding her ineligible for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal under 8 U.S.C. § 1229b.[1]  We have jurisdiction under 8 U.S.C. § 1252.  *Dominguez v. Barr*, 975 F.3d 725, 733–34 (9th Cir. 2020).

The question of whether a conviction is an aggravated felony is a legal question that we review de novo.  *See id.*; *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020).  An alien is ineligible for cancellation of removal if she has been convicted of an aggravated felony.  8 U.S.C. § 1229b(a)(3). Carballo-Miranda was convicted of conspiracy to sell, transport, or offer to sell heroin under California Penal Code § 182(a)(1) and California Health & Safety Code § 11352(a).  The BIA determined that Carballo-Miranda had not met her burden of demonstrating her conviction was not an aggravated felony and therefore had not shown she was eligible for cancellation of removal.

We agree.  The statutes under which Carballo-Miranda was convicted, California Penal Code § 182(a)(1) and California Health & Safety Code § 11352(a), are divisible statutes covering both offenses that qualify as aggravated felonies and offenses that do not.  *Marinelarena v. Garland*, 6 F.4th 975, 977 (9th Cir. 2021) (holding that California Penal Code § 182(a) is divisible);[2] *United States v.*

---

[1] Carballo-Miranda has not challenged the IJ's denial of her request for voluntary departure on appeal.

[2] *Marinelarena* "incorporate[d] by reference . . . Part A of the discussion" from a previously vacated decision in the same litigation, *Marinelarena v. Sessions*, 869 F.3d 780 (9th Cir. 2017), "which concerns overbreadth and divisibility."  6 F.4th at

*Martinez-Lopez*, 864 F.3d 1034, 1037 (9th Cir. 2017) (en banc) (holding that California Health & Safety Code § 11352(a) is divisible). Specifically, section 11352(a) (the drug offense underlying Carballo-Miranda's conspiracy charge) is divisible in two ways: it is divisible as to its controlled substance requirement (the types of controlled substances criminalized) and as to its actus reus requirement (the types of activity criminalized). *Martinez-Lopez*, 864 F.3d at 1037. We thus apply the modified categorical approach and ask whether the crime Carballo-Miranda committed is an aggravated felony. *Mathis v. United States*, 579 U.S. 500, 505–06 (2016).

Carballo-Miranda does not dispute that heroin was the controlled substance involved in her offense. Instead, she focuses on section 11352(a)'s actus reus requirement. She argues that the BIA erred by (1) placing the burden on her to prove that her conviction was not an aggravated felony and (2) finding that an inconclusive record as to what heroin-related conduct Carballo-Miranda was convicted for was insufficient to satisfy her burden.

We reject Carballo-Miranda's arguments. The BIA properly placed the burden on Carballo-Miranda to prove that her conviction was not an aggravated felony. *See* 8 U.S.C. § 1229a(c)(4); *Pereida v. Wilkinson*, 141 S. Ct. 754, 763

---

977. Part A of the previously vacated opinion held that section 182(a) is divisible. 869 F.3d at 786–87.

(2021); *Marinelarena*, 6 F.4th at 978. The BIA also properly determined that where Carballo-Miranda's only argument is that the record is inconclusive as to what type of conduct she was convicted for, she has failed to satisfy her burden to show that her conviction was not an aggravated felony. *See Pereida*, 141 S. Ct. at 763 & n.4; *Marinelarena*, 6 F.4th at 978. Carballo-Miranda's attempt to distinguish *Pereida* because the petitioner in that case was not charged with conspiracy and refused to disclose certain details of his conviction is unavailing. These facts were not relevant to the Supreme Court's holding that an ambiguous record of conviction is insufficient to satisfy the petitioner's burden. *Pereida*, 141 S. Ct. at 763 & n.4.

**PETITION DENIED.**